**In the Matter of William J. RAWLS.**

**No. 49S00–0001–DI–15.**

Supreme Court of Indiana.

July 27, 2002.

### *ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the hearing officer's judgment on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** Under Count I of the verified complaint, we find that the respondent deposited a settlement check into his attorney trust account. When he later drew a check on that account to pay a third-party creditor, the check was dishonored due to insufficient funds. The respondent falsely told the Commission that the account balance was low because another check deposited into the account was dishonored. Under Count II, we find that the balance of the respondent's trust account fell below an amount sufficient to satisfy obligations to a particular client between June 2 and August 2, 1999. In seeking a continuance in the client's case, the respondent falsely asserted that all funds belonging to the client remained in the account. Under Count III, we find that the respondent deposited more than $10,000 into his client trust account on behalf of two clients. Between October 26 and November 8, 1999,

the balance in the trust account was not sufficient to cover the obligations to those clients. Under Count IV, we find that the respondent deposited $25,000 into his client trust account on behalf of a client. Thereafter, the balance in the trust account was not sufficient to cover the obligations to the client. Under Count V, we find that between January 19, 2000 and June 16, 2000, the respondent withdrew more than $2,800 from his trust account for cash withdrawals or checks made payable to cash. He did not maintain a ledger identifying all transactions, including the source of the deposits and the recipients of the disbursements.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.15(a), which requires a lawyer to hold a client's property separate from his own; Prof. Cond.R. 8.1(a), which prohibits a lawyer from knowingly making false statements of material fact to the Disciplinary Commission; Prof.Cond.R. 8.4(b), which prohibits a lawyer from committing a criminal act which reflects adversely on his honesty, trustworthiness, and fitness as an attorney in other respects; Prof.Cond.R. 8.4(c), which prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; Ind.Admission and Discipline Rule 23(29)(a)(2) and (3), which requires lawyers to maintain ledgers for their client trust accounts; and Admis.Disc.R. 23(29)(a)(5), which prohibits lawyers from making withdrawals from their client trust accounts to "cash."

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of 12 months, effective September 7, 2002, at the conclusion of which the respondent shall be automatically reinstated to the practice of law. The second six months of the respondent's suspension period is hereby stayed, condi-

tioned upon the respondent, for a period of one year after the conclusion of the executed portion of his suspension, having monthly audits of his client trust account by a certified public accountant, and conditioned further upon his submission of reports of those audits to the Disciplinary Commission on a monthly basis. Should the respondent fail to abide by the conditions of this stay, the stay shall be rescinded and the respondent shall be suspended for the balance of the period of suspension, with reinstatement thereafter conditioned upon petition pursuant to Admis.Disc.R. 23(4).

The Clerk of this Court is directed to forward notice of this order to the respondent or his attorney, to the Disciplinary Commission, to the hearing officer, and to all other entities pursuant to Admis.Disc.R. 23(3)(d). Costs of this proceeding are assessed against the respondent.

All Justices concur.